RESOURCES WAREHOUSING & CONSOLIDATION SERVICES, INC.,
PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 84-2-00194

Before CARMAN, *Judge.*

(Decided August 24, 1984)

*Siegel, Mandell and Davidson* (*Allan H. Kamnitz* on the motion) for the plaintiff.
*Richard K. Willard,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division (*Susan Handler-Menahem* on the motion) for the defendant.

CARMAN, *Judge:* This case is presently before the court on defendant's motion for summary judgment. At issue is a challenge to an order issued by the United States Customs Service (Customs) revoking plaintiff's status as a bonded customs warehouse.

Customs, by Notice to Show Cause and Statement of Charges, dated November 8, 1983, informed plaintiff that revocation of its bonded status was being contemplated. The charges and specifications involved plaintiff's noncompliance with the record-keeping procedures set forth in the Customs Regulations as well as its nonconformity with safety conditions. An administrative hearing was conducted and connection with the matter on December 9, 1983. On January 13, 1984, the hearing examiner issued his recommendation that plaintiff's bonded status be revoked. Finally, on January 26, 1984, the Regional Commissioner of Customs issued a decision revoking the bonded status of plaintiff's warehouse.

The dispute first came before the Court of International Trade on February 10, 1984, by way of plaintiff's order to show cause for a preliminary injunction and temporary restraining order. On that date, while sitting in motion part, I issued a temporary restraining order prohibiting the Customs Service from revoking plaintiff's bonded warehouse status during the pendency of the injunction motion. Oral argument was heard on February 23, 1984. The court, on February 29, 1984, issued an order dissolving the temporary restraining order and denying plaintiff's motion for a preliminary injunction. Defendant now moves, unopposed, for summary judgment, or, in the alternative, for judgment dismissing the complaint for failure to state a claim.[1]

Part 19 of the Customs Regulations contains the provisions governing the proper maintenance of customs warehouses. After a

---

[1] Subject matter jurisdiction in this action lies pursuant to 28 U.S.C. § 1581(i) (1), (4) (1982), since this matter involves issues arising out of the administration and enforcement of the customs laws within the contemplation of section 1581(i). *See Bar Bea Truck Leasing Co.* v. *United States,* 4 CIT 104, 107 (1982) (action to review the denial of a customhouse cartman's license); *Di Jub Leasing Corp.* v. *United States,* 1 CIT 42, 46, 505 F. Supp. 1113, 1117 (1980) (action to review Customs' decision to revoke customhouse cartman's license); *see also American Air Parcel Forwarding Co.* v. *United States,* 1 CIT 293, 295, 515 F. Supp. 47, 50 (1981).

visit by a Customs Warehouse Inspection Team, it was determined that plaintiff was not adhering to the requirements set forth in 19 C.F.R. § 19.12 (1983), pertaining to proper recordkeeping. Plaintiff was also found in violation of marking and location system requirements, as well as the safety and sanitary storage regulations of 19 C.F.R. § 19.12(b)(5).

In its petition for a preliminary injunction, plaintiff's principal grievance pertained to its alleged deprivation of counsel at the administrative hearing. As it had appeared earlier to the court, and as it now appears, plaintiff's contention lacks merit. Customs' Notice to Show Cause expressly stated that "[y]ou may be represented by counsel at [the] hearing." Defendant's Exhibit 1, at 5. In addition, a review of the transcript compiled at the administrative hearing reveals that plaintiff's representatives were fully informed regarding the right to have counsel present at the hearing. Plaintiff's representative, nevertheless, knowingly proceeded without the benefit of counsel. *See* Transcript, at 3–7.

It appears to the satisfaction of the court that no due process was withheld in connection with the revocation of plaintiff's bonded warehouse status. No misrepresentations were made and plaintiff was fully advised of its rights.[2] Further, the administrative procedures contained in 19 C.F.R. § 19.3 were regularly followed.

Since there are no material facts in issue, this matter is suitable for disposition by way of summary judgment. *See Clairol, Inc.* v. *United States,* 7 CIT 377, Slip Op. 84–74, at 3–4 (June 21, 1984).

Therefore, defendant's motion for summary judgment must be, and hereby is, granted.

A judgment will enter accordingly.

---

[2] Plaintiff's claim of a statutory "grace period" before the effectiveness of the revocation lacks merit. No such provision exists in 5 U.S.C. § 558 (1982).